## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>GRANT HUBERT CHECORA,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:14cr457DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant Grant Hubert Checora's Motion to Dismiss Counts II and IV of the Indictment.  On December 2, 2015, the court held a hearing on the motion.  At the hearing, the United States was represented by Andrea T. Martinez, and Defendant was present and represented by Adam Bridge and Lynn Clark Donaldson.  The court took the motion under advisement.  Having carefully considered the memoranda submitted by the parties and the law and facts relating to the motion, the court issues the following Memorandum Decision and Order.

### BACKGROUND

At 2:04 a.m. on June 11, 2014, Bureau of Indian Affairs ("BIA") officers responded to a shooting in Fort Duchesne, Utah.  BIA and FBI agents learned that a confrontation between two groups preceded the shooting.  A juvenile male was shot in the chest and leg and an adult male was shot multiple times.  The adult male was pronounced dead at the Uintah Basin Medical Center in Roosevelt, Utah.  The shooter, later identified as Defendant

Grant Hubert Checora, admits to firing the .22 caliber pistol while chasing the other group in the street.

On September 3, 2014, a grand jury returned a four-count Indictment charging Defendant with violations of 18 U.S.C. §§ 1111(a) and 1153(a), Murder in the Second Degree While Within Indian Country (Count I); 18 U.S.C. § 924(c), Use and Discharge of a Firearm During and in Relation to a Crime of Violence (Count II); 18 U.S.C. §§ 1113 and 1153(a), Attempt to Commit Murder While Within Indian Country (Count III); and 18 U.S.C. § 924(c), Use and Discharge of a Firearm During and in Relation to a Crime of Violence (Count IV).

## DISCUSSION

### Defendant's Motion to Dismiss

Defendant moves to dismiss the 18 U.S.C. § 924(c) firearm enhancement charges brought in Counts II and IV of the Indictment, arguing that the second degree murder and attempted murder charges in this case cannot be predicate crimes of violence under 18 U.S.C. § 924(c)(3).

To sustain a conviction under 18 U.S.C. § 924(c), the government must prove that Defendant (1) discharged or brandished a firearm and (2) did so during and in furtherance of a crime of violence. Section 924(c)(3) defines a crime of violence as "an offense that is a felony and . . . (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection (A) is referred to as the force clause while subsection (B) is referred to as the residual clause. *See United States v. McDaniels*, 2015 WL 7455539, *2 (E.D. Va. Nov. 23, 2015).

2

Defendant contends that second degree murder and attempted murder do not meet the requirements under § 924(c)(3)'s force clause and the residual clause is void for vagueness after the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Under Tenth Circuit law, whether a crime is a "crime of violence" is a question of law.  *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014).

Under 18 U.S.C. § 1111(a), second degree murder is "the unlawful killing of a human being with malice aforethought."  18 U.S.C. § 1111(a).  In the Tenth Circuit, malice aforethought for second-degree murder can be manifested by (1) a general intent to kill, (2) intent to do serious bodily injury, (3) depraved heart recklessness, or (4) killing in the commission of a felony that is not among those specifically listed in the first degree murder statute.  *United States v. Pearson*, 203 F.3d 1243, 1270 (10th Cir. 2000).

Attempted murder requires the government to prove that Defendant took a substantial step toward killing another person and that Defendant had a specific intent to kill.  *See* 18 U.S.C. § 1113; *Braxton v. United States*, 500 U.S. 344, 350 n.* (1991).   Because Section 1113 does not specify the elements of "attempt to kill," "they are those required for an 'attempt' at common law," including a specific intent to kill.  *Braxton v. United States*, 500 U.S. 344, 350 n.* (1991).

**1. § 924(c)(3)(A) Force Clause**

Defendant argues that, under the force clause, second-degree murder and attempted murder cannot be predicate crimes of violence because they can be committed without the use, attempted use, or threatened use of physical force against the person or property of another. "Physical force" means "'violent force–that is, 'physical force capable of causing physical pain or injury to another person.'"  *United States v. Hood*, 774 F.3d 638, 645 (10th Cir. 2014).  Each

charge is addressed separately below.

### A.  Second-Degree Murder

Pointing to the many different means of demonstrating "malice aforethought," Defendant argues that the full range of conduct covered by the second degree murder statute does not require the use of violent physical force.  Defendant contends that the court must look to the most innocent conduct criminalized by § 1111(a) and, if such conduct does not require the intentional use of violent physical force, then second-degree murder is not a crime of violence.

Defendant's basis for making such an argument is based on the assumption that the court must employ a "categorical approach" in determining whether second-degree murder and attempted murder are predicate crimes of violence for purposes of § 924(c).  *Morgan*, 748 F.3d at 1034.  Under the categorical approach, the court looks only to the elements of the crime, not the particular facts of the case.  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Taylor v. United States*, 495 U.S. 575 (1990).  This approach appears to be supported by the language of § 924(c)(3)(A), which defines a crime of violence as a felony that "has as an *element* the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A) (emphasis added).

The court notes, however, that several district courts around the country have recently questioned the use of the categorical approach in Section 924(c)(3) cases, especially in the context of a pretrial motion to dismiss.  *See, e.g., United States v. Standberry*, 2015 WL 5920008, *2 (E.D. Va. 2015) (questioning use of categorical approach outside of sentencing context in which cold record review is required); *United States v. Brownlow*, 2015 WL 6452620 n.3 (N.D. Ala. Oct. 26, 2015) (noting "the future of a 'categorical approach' to defining a crime

of violence under § 924(c) may be short lived."); *United States v. McDaniels*, 2015 WL 7455539, *2-3 (E.D. Va. Nov. 23, 2015) (refusing to apply categorical approach for pre-trial motion to dismiss and sending determination of crime of violence to the jury as a question of fact); *United States v. Church*, 2015 WL 7738032, *3-4 (N.D. Ind. Dec. 1, 2015) ("this Court, likewise, looks to the purpose of the categorical approach and questions whether the assumption that it applies to a § 924(c) offense is not misguided."); *United States v. Woodley*, 2015 WL 7770859, * 4 (E.D. Mich. Dec. 3, 2015) (stating that none of the reasons for using the categorical approach apply with much force in a § 924(c) pretrial case).

These district courts all recognize that while the statutory language between the Armed Career Criminal Act ("ACCA"), which was the genesis of the categorical approach, and 18 U.S.C. § 924(c)(3) may be similar, the question of whether a crime is a crime of violence arises in significantly different contexts under the two statutes. The ACCA provides enhanced punishment for persons with three previous convictions for a "violent felony." 18 U.S.C. § 924(e). A "violent felony" under the ACCA is any crime punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* §  924(e)(2)(B). While the language of the ACCA's force clause is nearly identical to § 924(c)(3)(A), a court determining whether a prior offense under the ACCA is a violent felony is conducting a cold record review of a prior conviction whereas a court determining a crime of violence under § 924(c)(3) is looking at a predicate crime that is charged in the same case. Because the court in a § 924(c)(3) case is not looking at a prior conviction where facts may be lost or unclear, there is no danger of a collateral trial or judge found facts. "The Court is instead dealing with a live case where fresh evidence will be

5

presented to a jury." *Woodley*, 2015 WL 7770859, at *4. A jury can and will determine whether the government has proven the elements of the alleged predicate crimes beyond a reasonable doubt. "Sixth Amendment concerns could be quelled by putting the factual questions about the violent nature of the crime to the jury and, if necessary, obtaining the answers by special verdict." *Id.* This court agrees with the reasoning of the courts questioning whether the categorical approach is appropriate in the context of a § 924(c)(3) case, especially in the context of deciding a pretrial motion to dismiss.

The Tenth Circuit has previously recognized differences between the statutes: "[w]hile § 924(c)(1) addresses the use of firearms in furtherance of a crime of violence or drug trafficking, the ACCA and [USSG] § 4B1.2 enhance the punishment imposed for repeat offenders. These differences help explain why courts have reached seemingly different conclusions about what conduct constitutes a crime of violence under each provision." *United States v. Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009). The court explained that "each provision has important differences in statutory text and penological objectives." *Id.* Although the Tenth Circuit has acknowledged these differences, the court has not specifically addressed whether the categorical approach should be used in connection with a pretrial motion to dismiss. However, the Tenth Circuit has used the categorical approach in determining whether a crime is a crime of violence under § 924(c)(3) and indicated that such an approach is appropriate based on the "elements" language in the force clause. *Id.* Therefore, while expressing reservations as to its validity on the pretrial context, the court will apply the categorical approach to the determination of whether second-degree murder and attempted murder qualify as predicate crimes of violence. *Id.*

Defendant claims that second-degree murder is not a crime of violence because some of

the means for finding the malice aforethought element do not require violent physical force. Before determining whether Defendant is correct that all the means for malice aforethought must include violent force in order for second degree murder to be considered a crime of violence, the court needs to clearly identify the elements of second-degree murder.

Under 18 U.S.C. § 1111(a), "murder is the unlawful killing of a human being with malice aforethought."  Section 1111(a) "then sets forth four varieties of first-degree murder and one variety of second degree murder;" stating only that "[a]ny other murder is murder in the second degree." *United States v. Barrett*, 797 F.3d 1207, 1221 (10th Cir. 2015).  The statute does not provide any further definition or elements of second-degree murder that are separate or distinct from first-degree murder.  Second-degree murder is merely a killing that is not specified as first-degree murder and not manslaughter, which is the unlawful killing of a human being without malice, 18 U.S.C. § 1112.

While first-degree and second-degree murder have the same elements–(1) the killing of a human being with (2) malice aforethought–the Tenth Circuit has explained that "[w]hat is not obvious from the language of § 1111, but is settled law in this circuit, is that the meaning of malice aforethought, which is required for all murder," "differs with respect to each kind of murder."  *Id.*; *United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000).  Therefore, the malice aforethought required for second-degree murder "differs in kind, as opposed to degree," from the malice aforethought required for first-degree murder.  *Chanthadara*, 230 F.3d at 1258.

The "'malice aforethought' that must be established for second-degree murder requires proof of malice with respect to the homicide."  *Id.*  "Second-degree murder's malice aforethought

element is satisfied by: (1) intent-to-kill without the added ingredients of premeditation and deliberation; (2) intent to do serious bodily injury; (3) a depraved-heart; or (4) commission of a felony when the crime does not fall under the first-degree murder paragraph of § 1111(a)." *Id.* This definition of malice aforethought is disjunctive and, thus, classifies several different types of murder as second-degree murder.

Having identified the elements of second-degree murder, the court must then determine whether it meets the requirements of § 924(c)(3)(A)'s force clause, defining a crime of violence as a felony that has as "an element" the use, attempted use, or threatened use of physical force against another person. The force clause, therefore, requires only "an" element to include the use, attempted use, or threatened use of physical force. Second-degree murder has two elements–an unlawful killing and malice aforethought. However, the statute does not require both elements to include physical force, only one. Because second-degree murder has two elements, the court must analyze whether (1) an unlawful killing includes the use of physical force and/or (2) whether malice aforethought includes the use of physical force.

Defendant asks the court to look only to the intent element of malice aforethought in determining whether physical force was used. However, such a request is somewhat curious because it entirely ignores the conduct element of unlawful killing. The force clause looks to the use of physical force capable of causing physical pain or injury to another person. It would seem, to this court at least, that such force would usually be found in the conduct element rather than the intent element of a crime. For example, in a carjacking case, courts look to the conduct elements of taking a car by force or intimidation. *See United States v. Cruz-Rivera*, 2015 WL 6394416, at *2-3 (D. Puerto Rico Oct. 21, 2015). In robbery cases arising under the Hobbs Act,

8

courts look to the conduct of taking property from a person against his will by violence or intimidation.  *United States v. McDaniels*, 2015 WL 7455539, at * (E.D. Va. Nov. 23, 2015).  In a murder case, the defendant is charged with some physical conduct that actually kills another person.  It is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed.

In cases involving the categorical approach, several defendants have raised the argument of whether poisoning, a seemingly unforceful means of causing death or harm, could qualify as the use of physical force.  But, in *United States v. Castleman*, 134 S. Ct. 1405, 1414-15 (2014), the Supreme Court explained that poisoning someone involves "the use or attempted use of physical force."  The Court explained that "the use of force . . . is not the act of sprinkling the poison" but "the act of employing poison knowingly as a device to cause physical harm."  *Id.* The Court defined "physical force" as any "'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force," noting that the definition of force "encompasses even its indirect application."  *Id.* at 1414 (quoting *Johnson*, 559 U.S. at 138). The court recognized that "[i]t is impossible to cause bodily injury without applying force."  *Id.* Similarly, this court concludes that it is impossible to cause death without applying physical force as explained in *Castleman*.  Therefore, the conduct element of second-degree murder–the unlawful killing of another person–is an element constituting the use, attempted use, or threatened use of physical force sufficient for purposes of finding second degree murder a "crime of violence."

The court believes that the force clause in § 924(c)(3)(A) requires only "an" element of a crime to contain the use of physical force and that element will generally be found in the

conduct elements of a given crime.  However, the court will also address Defendants arguments regarding whether second-degree murder can be a crime of violence because of the different types of malice aforethought for second-degree murder.  Section 1111(a) states only that all other murder, not defined as first-degree murder, is second degree murder.[1]  Section 1111(a) does not identify the malice aforethought for second-degree murder, but Tenth Circuit case law clearly defines four different types of malice aforethought for second-degree murder: (1) the intent to kill; (2) the intent to do serious bodily injury; (3) depraved heart; and (4) commission of a felony not specifically identified in first-degree murder.  *Barrett*, 797 F.3d at 1221; *Chanthadara*, 230 F.3d at 1258.

Depraved heart malice aforethought requires only recklessness and second-degree felony murder only requires the intent to commit the felony.  Tenth Circuit cases have found that a crime with only a reckless intent cannot be a crime of violence.  *See United States v. Armijo*, 651 F.3d 1226, 1235-36 (10th Cir. 2011).  The *Armijo* court held that a *mens rea* of recklessness does not satisfy the use of physical force requirement under the Sentencing Guidelines's definition of "crime of violence."  *Id.* (refusing to read manslaughter in Sentencing Guidelines application note "as encompassing those versions of the crime with a *mens rea* of recklessness" when text of Sentencing Guidelines "only reaches purposeful or intentional behavior").

As a result of the breadth of second-degree murder in the statute and the disjunctive nature of the means for demonstrating malice aforethought under second-degree murder, the

---

[1]  The court notes that there are only two types of murder, but the next section in the code provides for two types of manslaughter as well.  Under the code, both murder and manslaughter is the unlawful killing of another, but manslaughter is distinguishable from murder in that it does not require malice.  *Compare* 18 U.S.C. §§ 1111(a), 1112; *see also Barrett*, 797 F.3d at 1222.

court must analyze malice aforethought under the modified categorical approach.  "If the criminal statute setting out the predicate felony 'is ambiguous, or broad enough to encompass both violent and nonviolent crimes, we employ the so-called 'modified categorical approach' which allows analysis of certain records of the prior proceeding, such as the charging documents."  *United States v. Armijo*, 651 F.3d 1226, 1230 (10th Cir. 2011) (quoting *United States v. Charles*, 576 F.3d 1060, 1067 (10th Cir. 2009)).  This approach is also used when a statute is considered "divisible."  *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). While the statute in this case is not divisible, the prior cases defining malice aforethought in essence creates several different types of second-degree murder.  For example, the Tenth Circuit has recognized that § 1111(a) creates several types of first-degree murder–such as first-degree felony murder in the second clause of § 1111(a).  *United States v. Barrett*, 797 F.3d 1207, 1221 (10th Cir. 2015); *United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000).[2]  Similarly, the Tenth Circuit's four identified types of malice aforethought creates several types of second-degree murder.  *Id.*  Because two types of second-degree malice aforethought include the intent to kill or intent to do serious bodily injury while the other two include depraved heart and felony murder, the statute is broad enough and the concept of malice aforethought is divisible enough to require the court to use the modified categorical approach.

Under the modified categorical approach, the court can consult a limited class of documents, such as the Indictment and jury instructions, to determine which alternative formed

---

[2]  The court notes that in *Chanthadara*, the Tenth Circuit did not question whether first-degree felony murder could be a predicate crime of violence for a § 924(c) charge even though felony murder only requires malice aforethought to be "proved by the commission of the felony"–"there is no actual intent requirement with respect to the homicide."  230 F.3d at 1258.

the basis of the conviction. *Descamps*, 133 S. Ct. at 2281. Unlike in the ACCA context, in which the categorical approach arose, this case is not looking at a prior conviction. Defendant has brought this challenge to the firearm enhancement counts prior to trial or conviction. While this court can look to the Indictment, the other documents recognized by courts as permissible to view, such as jury instructions, do not even exist yet. The court believes that this is another instance demonstrating why the use of the categorical approach, which is typically applied to prior convictions, is inappropriate in the pre-trial context of a § 924(c) case in which there is not yet a conviction, only other charged offenses.

Count I of the Indictment in this case states only that Defendant unlawfully killed another with malice aforethought; it does not try to place the murder in a certain category of malice aforethought. Given that the case is before the court on a motion to dismiss the Indictment, the court need only determine whether the jury could find the intent to kill or intent to do serious bodily injury under the second-degree murder charge. Because the jury could make such a finding under a second-degree murder charge, and Defendant is sufficiently put on notice that the jury could make such a finding, the Indictment is sufficient. There is no basis as a matter of law for the court to determine that there are no set of facts under which Defendant could be found to have the intent to kill or intent to do serious bodily injury. Prior to trial, the court cannot weigh the evidence and determine what type of malice aforethought is at issue. The court can only look to the charge and see what is possible. Obviously, because the case is proceeding to trial, the question of whether or not there was malice and whether or not there was a specific type of malice is a disputed issue of fact. The court will instruct the jury of the different types of malice aforethought under second-degree murder and further instruct it that Count II can only be applied

if it finds that Defendant committed second-degree murder with the intent to kill or intent to do serious bodily injury.  The court could also ask the jury to specify the type of malice aforethought on the special verdict form if the parties believe it is necessary.

There is no case law in the Tenth Circuit suggesting that the court must analyze the issue by looking only to the most innocent conduct criminalized under the second-degree murder statute.  Defendant has tried to argue that because someone could commit a felony under federal law that causes a murder and, therefore, is classified under the last category of malice aforethought for second-degree murder, the court must find that no second-degree murder can be considered a crime of violence.  But there are several cases in the Tenth Circuit employing the modified categorical approach to broad and divisible statutes to identify whether a prior conviction involved physical force and/or the proper *mens rea*.

In a recent case determining a crime of violence under the Sentencing Guidelines, the Tenth Circuit criticized counsel for setting forth hypothetical crimes that could be punishable under a statute and not meet the generic definition of the crime.  *See United States v.* Castillo, 2015 WL 8774441, at *6 (Dec. 15, 2015).  The court explained that "[a]s a general rule, showing that a crime does not meet a generic definition requires more than 'application of legal imagination to a state statute's language.'" *Id.*

In this case, Defendant argues that because deaths that occur while pointing a laser pointer at an airplane (18 U.S.C. § 39A) or committing an act of piracy (18 U.S.C. § 1869) are chargeable as second-degree murder, no second-degree murder charge can be a predicate crime of violence for a firearm enhancement charge under § 924(c).  Not only does this argument ignore the application of the modified categorical approach, it also loses sight of the fact that §

13

924(c) is a firearms enhancement.  Under the ACCA, a court is looking only at whether the prior conviction is a violent felony.  However, under § 924(c), the defendant is charged with using or brandishing a weapon in connection with a crime of violence.  One is left to ask when, if ever, would someone be facing a firearms enhancement for brandishing or using a firearm in connection with causing a death by pointing a laser at an airplane.  However, as in *Castillo*, the court is not limited to such imaginations of counsel.[3]  Defendant's unduly narrow interpretation of the force clause renders it essentially inapplicable to any federal crime and is at odds with the modified categorical approach.  The court refuses to adopt such a narrow interpretation.

The court concludes that the second-degree murder charge in Count I of the Indictment can qualify as a predicate crime of violence for purposes of Count II's § 924(c) charge.[4] Therefore, the court finds no basis for dismissing Count II of the Indictment.

### B. Attempted Murder

Defendant further argues that attempted murder cannot be a predicate crime of violence under § 924(c)(3)(A)'s force clause.  Although attempted murder requires a specific intent to kill, Defendant argues that taking a substantial step with a specific intent to kill does not necessarily involve the use, attempted use, or threatened use of violent physical force against the person.

---

[3]  Moreover, when faced with alternative possible readings of a statute, courts do not accept the readings that lead to absurdities or that result in a statute with an implausibly limited application.  *See, e.g., United States v. Castleman*, 134 S. Ct. 1405, 1413 (2014). The Supreme Court has also observed that "we cannot forget that we ultimately are determining the meaning of the term 'crime of violence.'" *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004).

[4]  Other courts have found murder to be a crime of violence, albeit with little analysis. *United States v. Machado-Erazo*, 986 F. Supp. 2d 39 (D.D.C. 2013) (holding that murder is "a crime of violence because it is a felony that requires the use, attempted use, or threatened use of physical force against another person."); *James v. United States*, 550 U.S. 192, 208 (2007) (giving "attempted murder" as an example of "a prototypically violent crime").

The Tenth Circuit defines a substantial step as "an appreciable fragment of a crime . . . of such substantiality that, unless frustrated, the crime would have occurred." *United States v. Washington*, 653 F.3d 1251, 1264 (10th Cir. 2011).

In *United States v. Castro-Gomez*, 792 F.3d 1216 (10th Cir. 2015), the Tenth Circuit decided that attempted murder under Illinois state law was a "crime of violence triggering a 16-level sentencing increase under the Sentencing Guidelines, U.S.S.G. § 2L1.2(b)(1)(A)(ii)." *Castro-Gomez*, 792 F.3d at 1219-20.  A crime not specifically identified in the Sentencing Guidelines as a crime of violence, such as attempted murder, is a crime of violence if it "has as an element the use, attempted use, or threatened use of a physical force against the person of another." U.S.S.G. § 2L1.2(b)(1)(B)(iii).  The *Castro-Gomez* court did not look at the substantial step element of the attempted murder crime.  Rather it focused on the state's definition of murder and the state of mind required for attempted murder. *Id.*  The court found that the specific intent to kill required for attempted murder cured Illinois' overly broad definition of murder.  *Id.*

Similarly, in this case, second-degree murder is broad enough to include murders that involve recklessness, but the specific intent to kill required for attempted murder under § 1113 cures any overbreadth in the second-degree murder statute, § 1111(a).  The federal attempted murder statute, therefore, is similar to the Illinois statute and the court finds no reason to rule differently than the Tenth Circuit ruled in relation to the Illinois statute.

Defendant asks the court to focus on the myriad substantial steps that someone could take that are not violent, but he cites to no case employing such a rationale.  In addition, § 924(c)(3)(A) applies to the use or attempted use of force.  The force in question for an attempted murder charge is the unlawful killing of another.  Therefore, the court concludes that attempted

15

murder under § 1113 can be a predicate crime of violence for purposes of Count IV's § 924(c)

charge.  Therefore, the court finds no basis for dismissing Count IV of the Indictment.

### 2. § 924(c)(3)(B)'s Residual Clause

Because the Supreme Court struck down the residual clause of the Armed Career

Criminal Act ("ACCA") in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Defendant

contends that this court should also invalidate the similarly worded residual clause in §

924(c)(3)(B).  The government argues that the residual clause at issue in this case is

distinguishable from the ACCA's residual clause that was at issue in *Johnson*.  Defendant

acknowledges that the residual clauses are not identical but asserts that the differences are

immaterial.

In *Johnson*, the Court analyzed the "residual clause" of the ACCA, which provides for

increasing a defendant's punishment to not less than fifteen years if that defendant violates § 18

U.S.C. § 922(g) (felon in possession charges) and "has three previous convictions . . . for a

violent felony or serious drug offense, or both, committed on occasions different from one

another."  18 U.S.C. § 924(e)(1).  The residual clause in the ACCA provides that a violent felony

"is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that*

*presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B).

Section 924(c) applies to "any person who, during and in relation to any crime of violence

. . . for which the person may be prosecuted in a court of the United States, uses or carries a

firearm, or who, in furtherance of any such crime, possesses a firearm."  *Id.* § 924(c)(1)(A).  The

§ 924(c)(3)(B) residual clause applies to a crime of violence "that by its nature, involves a

substantial risk that physical force against the person or property of another may be used in the

16

course of committing the offense."

Defendant cites to a Ninth Circuit case finding the residual clause in an immigration statute, 18 U.S.C. § 16(b), similarly void for vagueness.  *Dimaya v. Lynch*, 2015 WL 6123546, * 4-5 (9th Cir. Oct. 19, 2015).  However, Defendant cites to no case finding § 924(c)(3)(B) unconstitutionally vague.  While the immigration statute is similar to the ACCA in that it looks to past convictions, § 923(c)(3)(B) applies to separate offenses charged in the same case.

The court has found six district courts from around the country who have been faced with this specific issue since the Supreme Court's *Johnson* ruling.  Not one of those courts has found § 924(c)(3)(B)'s residual clause to be unconstitutionally vague.  *United States v. Lusenhop*, 2015 WL 5016514, *3 (S.D. Ohio Aug. 25, 2015) ("Nothing in *Johnson* reasonably suggests that if presented with the question, the Supreme Court would conclude that Section 924(c)(3)(B) is unconstitutionally vague.")*; United States v. McDaniels*, 2015 WL 7455539, *7 (E.D. Va. Nov. 23, 2015); *United States v. Hunter*, 2015 WL 6443084, *2-3 (E.D. Va. Oct. 22, 2015) (finding nothing in the record or law before it that the *Johnson* Court intended to invalidate § 924(c)'s residual clause); *United States v. Prickett*, 2015 WL 5884904, *2-3 (W.D. Ark. Oct. 8, 2015)(explaining differences between § 924(c)(3)(B)'s requirement to apply term "substantial risk" to real world conduct and ACCA's residual clause); *Cooper v. Krueger*, 2015 WL 8215348, *3 (C.D. Ill. Dec. 8, 2015) (finding statutes so dissimilar that *Johnson* was not applicable); *United States v. Davis*, 2015 WL 8311538, *3 n.1 (E.D. Mich. Dec. 9, 2015)(not fully reaching issue but disagreeing with comparison of § 924(c)(3)(B) with ACCA residual clause because of the structural and language differences between the statutes).

These court recognize that the language of § 924(c)(3)(B) differs in significant respects

17

from the ACCA's residual clause. "Unlike the ACCA residual clause, the [§ 924(c)(3)(B)]

Residual Clause at issue here: (i) is not preceded by four enumerated offenses that create

'uncertainty about how much risk it takes for a crime to qualify as a violent felony,' (ii) has not

created significant disagreement among lower courts, and (iii) has not been subject to several

failed attempts by the Supreme Court to construe the clause in a 'principled and objective'

manner." *McDaniels*, 2015 WL 7455539, at *7. In *Lusenhop*, the court also explained that in

contrast to the concerns the *Johnson* court expressed regarding measuring the risk of harm, "in

*Leocal*, the Supreme Court held that Section 924(c)(3)(B) does not require the court to measure

the risk of harm, but more simply whether the offense involves a risk of the use of physical

force." 2015 WL 5016514, at *3.

      Unlike a case under the ACCA's residual clause, which focuses on prior convictions, the

court can apply the substantial risk element in § 924(c)(3)(B) to the actual conduct in the present

case. In *Prickett*, the court noted the *Johnson* Court's reassurance that "there was no risk to other

statutes using the term "substantial risk" because the other statutes were not linked "to a

confusing list of examples." *Prickett*, 2015 WL 5884904, at *2. And, "[m]ore importantly, all of

[those other statutes] require gauging the riskiness of conduct in which an individual engages on

a particular occasion.'" *Id.* (quoting *Johnson*, 135 S. Ct. at 2561). The *Johnson* Court explained

that "[a]s a general matter, we do not doubt the constitutionality of laws that call for the

application of a qualitative standard, such as 'substantial risk' to real-world conduct." 135 S. Ct.

at 2561. Because § 924(c)(3)(B)'s residual clause applies to charged conduct in the instant case,

"that is exactly the nature of § 924(c)(3)(B)." *Prickett*, 2015 WL 5884904, at *2.

      The § 924(c)(3)(B) residual clause in this case applies in a different manner than the

18

residual clause under the ACCA.  The ACCA required a court to look at old offenses whereas the clause in this case applies to the charged conduct in this case.  There is no concern over the court's ability to properly construe the facts or conduct involved in an old case.  The application of the residual clause in this case can be applied to the facts of this case.

Although the court has already concluded that murder and attempted murder can meet § 924(c)(3)(A)'s force clause, the court agrees with these fellow district courts that nothing in the Supreme Court's *Johnson* decision requires this court to find § 924(c)(3)(B)'s residual clause unconstitutionally vague.  Based on the nature of the offenses,[5] the court concludes that the second-degree murder and attempted murder charges in this case can be predicate crimes of violence under § 924(c)(3)(B) because they can involve a substantial risk of the use of physical force against another person.  The court, therefore, denies Defendant's motion to dismiss because it finds no basis for dismissing Counts II an IV of the Indictment.

## CONCLUSION

Based on the above reasoning, Defendant Grant Hubert Checora's Motion to Dismiss Counts II and IV of the Indiction is DENIED.

DATED this 21st day of December, 2015.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge

---

[5]   The Supreme Court has long examined the "nature" of predicate offenses in applying enhancements.  *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).